UNITED STATES, Appellee

v

RICHARD LEE COLTON, Fireman Apprentice, U. S. Coast
Guard, Appellant

No. 27,873

June 21, 1974

*Lieutenant James B. Ellis, II,* USCG, was on the pleading for Appellant, Accused.

*Lieutenant Nesbit C. Lofton,* USCG, was on the pleading for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

Review was granted in this case on two related issues. First, was the U. S. Coast Guard Court of Military Review in error by holding that a convening authority has no duty to ascertain the availability of individually requested military counsel from another service. Second, did the Commandant of the U. S. Coast Guard interfere with the convening authority in the performance of his judicial function in violation of Articles 37(a) and 98, Uniform Code of Military Justice, 10 USC §§ 837(a) and 898, by requiring that an accused's request for individual military counsel from another service be forwarded to Coast Guard Headquarters, rather than to the commanding officer of the requested counsel in accordance with paragraph 48*b*(2), Manual for Courts-Martial, United States, 1969 (Rev), and then refusing to forward the request.

In United States v Johnson, 23 USCMA —, 48 CMR — (June 21, 1974),

we held that a convening authority was required, in the words of paragraph 48*b*, MCM, to forward a request for a determination of the availability of a military lawyer from another armed force "to the commanding officer or head of the organization, activity, or agency with which the requested counsel is on duty." The U. S. Coast Guard Court of Military Review was in error in this case by deciding to the contrary. Nevertheless, as the appellant in this case was represented at trial by a civilian lawyer, "where an accused has in fact been represented at trial . . . by either civilian or individual military counsel, the minimum demands of Article 38(b), UCMJ, have been complied with, and a rehearing is unwarranted." United States v Johnson, supra at —, 48 CMR at —.

As the rights of the appellant are not in question in the second granted issue, it is dismissed as having been improvidently granted.

The decision of the U. S. Coast Guard Court of Military Review as to the findings and sentence is affirmed.